IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-100-SDJ-KPJ |
| PHILLIP MICHAEL CARTER *et al.*, | § § § | |
| Defendants. | § § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Securities and Exchange Commission's (the "SEC") Motion for Remedies as to Defendants Carter and Tilford (the "Motion") (Dkt. 107). Defendants Phillip Michael Carter ("Carter") and Richard Gregory Tilford ("Tilford") did not file responses. Upon consideration, the Court recommends the Motion (Dkt. 107) be **GRANTED**.

### I.   DISCUSSION

Carter, Tilford, and co-defendant Bobby Eugene Guess ("Guess" and, together with Carter and Tilford, "Defendants") operated a real estate development scheme whereby Defendants "raised at least $44 million from over 270 investors in unregistered securities offerings through materially misleading statements and omissions." *See* Dkt. 94 at 2. As of September 2018, the investors were owed more than $45 million. *See id.* at 4.[1] The SEC represents only a portion of the amount owed is expected to be recouped by investors in related bankruptcy proceedings. *See* Dkt. 107 at 9; Dkt. 107-1.

---

[1] The factual background is set out in further detail in the Court's Report and Recommendation (Dkt. 84) and the District Judge's Memorandum Adopting Report and Recommendation (Dkt. 94).

The SEC filed this civil action against Carter, Tilford, Guess, and various entities for violations of federal securities laws. *See* Dkt. 1. Carter and Tilford are the only defendants against whom judgment has not been entered. On October 28, 2020, the District Judge granted summary judgment against Carter and Tilford as to liability only, finding that Carter and Tilford violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 (the "Securities Act"); Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"); and Rule 10b-5, 17 C.F.R. § 240.10b-5. *See* Dkt. 94. The SEC now requests the District Judge enter judgment against Carter and Tilford. *See* Dkt. 107. The SEC requests the following remedies: (a) disgorgement and prejudgment interest as to Carter and Tilford; (b) permanent injunctions against Carter and Tilford; and (c) a civil penalty against Carter. *See id.*

### A. Summary Judgment Findings

On September 4, 2020, the Court entered a Report and Recommendation (Dkt. 84), which recommended summary judgment be granted as to Carter and Tilford. The Court found that Carter and Tilford offered and sold millions of dollars of unregistered securities in violation of Sections 5(a) and 5(c) of the Securities Act. *See* Dkt. 84 at 13–15. Indeed, the securities sold by Carter and Tilford even bore "an acknowledgement that they would not be registered under the Securities Act or state securities laws." *See id.* at 14.

The Court further found Carter and Tilford defrauded their investors in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5. *See id.* at 15–17. With respect to Carter, the Court found Carter operated "a scheme to deceive investors with falsehoods, omissions, and misrepresentations." *See id.* at 16. Specifically, the Court found Carter: (a) represented to investors that their investments were backed by hard assets when he knew they were not secured; (b) misrepresented to investors his professional and education background; and

2

(c) used investor money for his own purposes, including paying a $1.2 million tax lien, rather than using investor money for its intended and promised purpose—real estate development. *See id.* As to Tilford, the Court found Tilford used "misleading tactics related to the names of the companies" in furtherance of Defendants' scheme. *See id.* at 16–17. Further, the Court found both Carter and Tilford failed to disclose to potential investors that Carter and Guess were under federal investigation. *See id.* at 16.

On October 28, 2020, the District Judge adopted the findings and conclusions set forth in the Report and Recommendation and granted summary judgment against Carter and Tilford. *See* Dkt. 94. In addition to the Court's findings, the District Judge found the unregistered securities sold by Carter and Tilford were "steeped in deception," as each security "was issued by a shell company that had no actual connection to the real estate developments that they funded, but each possessed entity names that were deceptively similar to the actual companies Carter used to conduct real estate operations." *See id.* at 10–11. The District Judge further found Carter and Tilford intentionally, or at the very least, severely recklessly defrauded investors in violation of federal securities laws. *See id.* at 15.

### B. Remedies

Upon a proper showing by the SEC, a district court may award, *inter alia*, disgorgement, civil penalties, and injunctive relief to deter future violations of securities laws. 15 U.S.C. §§ 77t, 78u. In this case, for the reasons stated below, the Court recommends the District Judge award disgorgement and permanent injunctions against Carter and Tilford and a civil penalty against Carter.

1. *Disgorgement*

In a civil enforcement action brought by the SEC, a district court may "require disgorgement . . . of any unjust enrichment" received by a defendant as a result of federal securities laws violations. 15 U.S.C. § 78u(d)(3)(A)(ii); *see also* 15 U.S.C. § 78u(d)(7) ("In any action or proceeding brought by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may order, disgorgement."). To obtain legal disgorgement under Sections 78u(d)(3) and (d)(7), "the SEC has the burden reasonably to approximate the defendant's 'unjust enrichment' attributable to the securities violation," which may not include "'income on ill-gotten profits' but it may include interest." *SEC v. Hallam*, 42 F.4th 316, 341 (5th Cir. 2022) (citations omitted). If the SEC meets its burden, the burden shifts to the defendant to prove the requested amount is "unreasonable." *Id.* (citing *SEC v. Halek*, 537 F. App'x 576, 581 (5th Cir. 2013)). If the defendant fails to meet its burden, the SEC is entitled to disgorgement in the amount reasonably approximated by the SEC. *See id.* at 343.

In this case, the SEC provided reasonable approximations of the amounts that Carter and Tilford were unjustly enriched by their securities violations. *See* Dkts. 107, 107-2. The SEC approximates Carter was unjustly enriched in the amount of $5,779,111. *See* Dkt. 107 at 12; Dkt. 107-2. The SEC's estimate is supported by the Declaration of Carol Hahn,[2] which declares under penalty of perjury that Carter received $5,779,111 as a result of securities violations and that such amount "takes into consideration any funds paid back by Carter . . . ." *See* Dkt. 107-2 at 2–3. The SEC estimates Tilford was unjustly enriched in the amount of $49,000, which represents Tilford's salary received for selling securities in violation of federal securities laws. *See* Dkt. 107 at 12; *see also* Dkt. 94 at 4 ("For his role in selling the promissory notes, Tilford earned a $49,000 salary

---

[2] Carol Hahn is a "Certified Fraud Examiner" and Staff Accountant with the SEC. *See* Dkt. 107-2 at 1.

4

from Guess . . . ."); *SEC v. AmeraTex Energy, Inc.*, No. 4:18-cv-129, 2021 WL 1061395, at *5 (E.D. Tex. Mar. 18, 2021) (finding the defendant's salary, commission, and bonuses paid as a result of or in connection to securities violations were subject to disgorgement). The Court finds these approximations are reasonable. *See SEC v. Moss*, No. 4:20-cv-972, 2022 WL 757226, at *8 (E.D. Tex. Mar. 11, 2022) (finding the SEC's approximations, presented in a sworn declaration, were reasonable absent a response from the defendant); *AmeraTex Energy, Inc.*, 2021 WL 1061395, at *3, 5 (same and also finding the defendant's salary was subject to disgorgement). Defendants Carter and Tilford did not respond to the Motion and, therefore, have not met their burden to show that the amounts approximated by the SEC are unreasonable. *See Hallam*, 42 F.4th at 341. Because Defendants Carter and Tilford failed to meet their burden, the Court finds the SEC is entitled to disgorgement of $5,779,111 as to Carter and disgorgement of $49,000 as to Tilford.

Because disgorgement is appropriate, so is prejudgment interest, *see Hallum*, 42 F.4th at 241, which should be calculated according to the Internal Revenue Service's tax underpayment rate. *Moss*, 2022 WL 757226, at *8 ("Because disgorgement of Moss's ill-gotten gains is appropriate, so is prejudgment interest," which is calculated using the Internal Revenue Service's tax underpayment rate). The SEC requests prejudgment interest in the following amounts: $807,898.77 as to Carter and $6,566.73 as to Tilford. *See* Dkt. 107 at 14; Dkt. 107-3; Dkt. 107-4; Dkt. 107-5 (proposed final judgment as to Carter); Dkt. 107-6 (proposed final judgment as to Tilford). To support its requests, the SEC provided copies of Prejudgment Interest Reports prepared by the SEC as to Carter and Tilford, which contain interest calculations based on the tax underpayment rate from August 2018 (the last month Defendants raised investment funds) to July 2021 as to Tilford and September 2021 as to Carter. *See* Dkt. 107 at 14; Dkt. 107-3 (Carter); Dkt. 107-4 (Tilford). Because the Prejudgment Interest Reports support the relief requested and are

5

uncontested by Carter and Tilford, the Court recommends the District Judge award prejudgment interest of $807,898.77 as to Carter and $6,566.73 as to Tilford. *See Moss*, 2022 WL 757226, at *8 (awarding prejudgment interest based on Prejudgment Interest Report prepared by the SEC); *AmeraTex Energy, Inc.*, 2021 WL 1061395, at *3–7 (same).

   2. *Permanent Injunctions*

Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act authorize the SEC to seek injunctive relief upon a "proper showing" that a defendant "is engaged or is about to engage" in violations of the securities laws. *SEC v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. 1981) (quotations omitted); *see also* 15 U.S.C. §§ 77t(b), 78u(d). "A permanent injunction is appropriate only if a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions." *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (cleaned up) (quoting *SEC v. Gann*, 565 F.3d 932, 939 (5th Cir. 2009)). In determining whether a defendant should be permanently enjoined, courts consider several factors, including: "(1) egregiousness of the defendant's conduct, (2) isolated or recurrent nature of the violation, (3) degree of scienter, (4) sincerity of [the] defendant's recognition of his transgression, and (5) likelihood of the defendant's job providing opportunities for future violations." *Id.* (alteration in original). No single factor is dispositive; rather, it is "the sum of the circumstances surrounding the defendant and his past conduct that governs whether to grant or deny injunctive relief." *Zale Corp.*, 650 F.2d at 720.

Carter and Tilford committed egregious and recurrent violations of federal securities laws, which resulted in substantial losses to investors. *See* Dkts. 84, 94. Their conduct was intentional, or at the very least, severely reckless. *See* Dkt. 94 at 15. Under the circumstances, there is a reasonable likelihood that Carter and Tilford will commit future securities violations absent an

injunction. Accordingly, the Court recommends the District Judge permanently enjoin Carter and Tilford from committing future violations of the securities laws and from directly or indirectly, including, but not limited to, through any entity they own or control, participating in the issuance, offer, or sale of any security, except for those purchased and sold for their own account.

3. *Civil Penalty*

Civil penalties are intended to deter future violations of federal securities laws. *Moss*, 2022 WL 757226, at *9. Both the Securities Act and the Exchange Act provide a three-tiered, escalating structure for assessing civil penalties, which may be awarded at the District Judge's discretion. *Id.*

a. Three Tier Structure

Tier one penalties may not exceed, for a natural person, the greater of $5,000 (adjusted for inflation) or the gross amount of pecuniary gain as a result of the violation. 15 U.S.C. §§ 77t(d)(2)(A), 78u(d)(3)(B)(i); 17 C.F.R. § 201.1001 (adjusting penalties for inflation).

Tier two penalties apply if the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." 15 U.S.C. §§ 77t(d)(2)(B), 78u(d)(3)(B)(ii). Tier two penalties may not exceed, for a natural person, the greater of $50,000 (adjusted for inflation) or the gross amount of pecuniary gain to such defendant as a result of the violation. 15 U.S.C. §§ 77t(d)(2)(B), 78u(d)(3)(B)(ii); 17 C.F.R. § 201.1001 (adjusting penalties for inflation).

Tier three penalties apply if the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and "such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii). Tier three penalties may not exceed, for a natural person, the greater of $100,000 (adjusted for inflation) or the gross amount of pecuniary

gain to such defendant as a result of the violation. 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii); 17 C.F.R. § 201.1001 (adjusting penalties for inflation).

   b. Civil Penalty Against Carter

The SEC requests the District Judge enter a third-tier civil penalty against Carter. Looking to the statutory language above, the Court finds a third-tier penalty is appropriate because Carter engaged in a scheme that involved fraud, deceit, and "deliberate or reckless disregard of a regulatory requirement" that resulted in substantial losses to investors. *See* Dkts. 84, 94. Indeed, on summary judgment, the District Judge found the securities sold by and on behalf of Carter were "steeped in deception," *see* Dkt. 94 at 10, and that Carter's illicit conduct was intentional or, at the very least, severely reckless, *see id.* at 15. Carter's conduct resulted in substantial losses to investors. *See id.* at 4 ("As of September 2018, the investors were owed more than $45 million."). Accordingly, the Court may award a civil penalty against Carter up to and including the gross amount of pecuniary gain to Carter as a result of his violations—$5,779,111, *see* Dkt. 107-2.

Although the maximum penalty is capped by statute, the amount imposed within that limit is left to the District Judge's discretion. *Moss*, 2022 WL 757226, at *9; *AmeraTex Energy*, 2021 WL 1061395, at *4 (citing *SEC v. Kern*, 425 F.3d 143, 153 (2d Cir. 2005)). Courts look to the following factors to determine the appropriate civil penalty:

> (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition.

*Moss*, 2022 WL 757226, at *9 (citations omitted).

Here, the Court finds the record supports an award of the highest permitted civil penalty. Carter's conduct was egregious, recurrent, and resulted in substantial losses to others: Carter

personally, and through others, solicited investments of more than $44 million dollars from over 270 investors through false and misleading representations. *See* Dkts. 84, 94. Carter misrepresented his educational background and professional experience to investors and further misrepresented to investors that their investments were secured when, in fact, they were not. *Id.* And each security "was issued by a shell company that had no actual connection to the real estate developments that they funded, but each possessed entity names that were deceptively similar to the actual companies Carter used to conduct real estate operations." *See* Dkt. 94 at 10–11. Further, Carter's actions were committed intentionally or, at the very least, with severe recklessness. *See id.* at 15. Finally, because Carter did not file a response, there is no indication the penalty should be reduced because of his current or future financial condition. Under these circumstances, the Court recommends the District Judge award a civil penalty against Carter in an amount less than or equal to Carter's gross pecuniary gain—$5,779,111.

## II.     RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 107) be **GRANTED** and final judgment be entered against Carter and Tilford as follows:

- Disgorgement of $5,779,111 as to Carter with prejudgment interest in the amount of $807,898.77;
- Disgorgement of $49,000 as to Tilford with prejudgment interest in the amount of $6,566.73;
- Permanent injunction enjoining Carter and Tilford from committing future violations of the securities laws and from directly or indirectly, including, but not limited to, through any entity they own or control, participating in the issuance, offer, or sale of any security, except for those purchased and sold for their own account; and

- A civil penalty against Carter not to exceed $5,779,111.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

### III.   ORDER

**IT IS ORDERED** that, in addition to serving Tilford by certified mail, return receipt requested, at his address for service in CM/ECF, the Clerk's Office shall mail this Order and Report and Recommendation to Tilford at the Texas Department of Criminal Justice Powledge Unit:

> Richard Gregory Tilford
> SID No. 17534622
> TDJC No. 02354635
> Powledge Unit
> 1400 FM 3452
> Palestine, TX 75803[3]

---

[3] *See Inmate Information Details*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=17534622 (last visited Aug. 29, 2022).

**So ORDERED and SIGNED this 29th day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE