UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § | CIVIL CASE NO. 4:19-CV-100-SDJ |
| PHILLIP MICHAEL CARTER, ET AL. | § § § | |

**MEMORANDUM ADOPTING THE REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 29, 2022, the Report of the Magistrate Judge, (Dkt. #113), was entered containing proposed findings of fact and the recommendation that Plaintiff Securities and Exchange Commission's Motion for Remedies as to Defendants Carter and Tilford, (Dkt. #107), be granted. Tilford filed an untimely response to the SEC's Motion for Remedies, which the Court construes as objections to the Report. (Dkt. #115). Carter did not file objections, and the deadline to do so has passed.

The Court has conducted a de novo review of the objections and the portions of the Report to which Tilford specifically objects. Having done so, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and that the objections are without merit as to the ultimate recommendation of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

1

# I. BACKGROUND

Carter, Tilford, and Bobby Eugene Guess operated a real estate development scheme whereby they raised at least $44 million from over 270 investors in unregistered securities offerings through materially misleading statements and omissions. (Dkt. #94 at 2). As of September 2018, the investors were owed more than $45 million.

The SEC filed this action against Carter and Tilford, among others, for violations of federal securities laws. The Court has entered judgment against all of the defendants except for Carter and Tilford. On October 28, 2020, the Court granted the SEC's motion for summary judgment against Carter and Tilford as to their liability. The SEC now requests that the Court enter judgment against Carter and Tilford. The SEC seeks the following remedies: (1) disgorgement and prejudgment interest as to Carter and Tilford; (2) permanent injunctions against Carter and Tilford; and (3) a civil penalty against Carter only.

# II. LEGAL STANDARD

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days after being served with the report and recommendation. 28 U.S.C. § 636(b)(1)(C). To challenge a magistrate judge's report, a party must specifically identify those findings to which he objects. *See id.* "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). "And objections that simply rehash or mirror the underlying claims

2

addressed in the report are not sufficient to entitle the party to de novo review." *Thompson v. Pruett*, No. 4:21-CV-371, 2022 WL 989461, at *1 (E.D. Tex. Mar. 31, 2022); *see also Nickelson v. Warden*, No. 1:11–CV–334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

### III. DISCUSSION

In the Report, the Magistrate Judge recommends that the Court enter judgments against Carter and Tilford containing each of the remedies sought by the SEC. The Court will consider each remedy in turn.

### A. Disgorgement and Prejudgment Interest

First, the Report recommends that the Court find that the SEC is entitled to disgorgement of $5,779,111[1] as to Carter and disgorgement of $49,000 as to Tilford.

---

[1] The Court notes a minor discrepancy in the disgorgement amount that the SEC is seeking. In its motion, the SEC seeks $5,779,111.38. In the declaration of Carol Hahn, which is used to support this request, the amount by which Carter was unjustly enriched is stated to be $5,779,111. The Court presumes that the figure in the declaration represents a rounded amount. Because the SEC is only obligated to reasonably approximate the unjust enrichment, and because Carter has not shown that the disgorgement figure is unreasonable, the Court finds that it is proper to award $5,779,111.38. The Court modifies the findings and conclusions in the Report only to the extent that it finds that the SEC is entitled to disgorgement of $5,779,111.38 as to Carter, rather than $5,779,111.

The Court may order disgorgement in a given amount if the SEC meets its burden "reasonably to approximate the defendant's unjust enrichment attributable to the securities violation." *SEC v. Hallam*, 42 F.4th 316, 341 (5th Cir. 2022) (quotation omitted). As the Report correctly concluded, the SEC provided such reasonable approximations in this case, so the burden shifted to Carter and Tilford to "prove that the requested amount is unreasonable." *Id.* (quotation omitted). Carter did not respond or object. Tilford did object, but his objections challenge his liability—which was conclusively determined in a prior order—rather than the reasonableness of the amount by which he was unjustly enriched. To the extent that Tilford's objections can be construed as disputing the disgorgement amount, those objections are overruled. The Court will order disgorgement in the amount of $5,779,111.38 as to Carter and will order disgorgement in the amount of $49,000 as to Tilford.

Next, the Report recommends awarding prejudgment interest, which should be calculated according to the Internal Revenue Service's tax underpayment rate. *See SEC v. Moss*, No. 4:20-CV-972, 2022 WL 757226, at *8 (E.D. Tex. Mar. 11, 2022) ("Because disgorgement of Moss's ill-gotten gains is appropriate, so is prejudgment interest . . . calculat[ed] based on the IRS's underpayment tax rate."). Tilford does not address the propriety of prejudgment interest in his objections, and the Court finds that it is warranted in this case. The Court further finds that the amount of prejudgment interest requested by the SEC and recommended in the Report is correct and adequately supported by the evidence. The Court will award $807,898.77 in prejudgment interest as to Carter and $6,566.73 in prejudgment interest as to Tilford.

## B. Permanent Injunctions

Second, the Report recommends that the Court permanently enjoin Carter and Tilford from committing future violations of the securities law and from directly or indirectly, including, but not limited to, through any entity they own or control, participating in the issuance, offer, or sale of any security, except for those purchased and sold for their own account. "A permanent injunction is appropriate only if a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions." *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (quotation omitted). Tilford's objections do not address the propriety of injunctive relief, except to the extent that Tilford disputes his liability. But again, that liability was established in the Court's previous summary-judgment ruling. Moreover, the Court finds that the Report's analysis of the propriety of a permanent injunction is correct. Tilford's objection is overruled, and the Court will enter a permanent injunction against Carter and Tilford.

## C. Civil Penalty

Finally, the Magistrate Judge recommends assessing a third-tier civil penalty against Carter. According to the Report, this penalty is appropriate because Carter engaged in a scheme that involved fraud, deceit, and deliberate or reckless disregard of a regulatory requirement that resulted in substantial losses to investors. Carter did not object to this conclusion, and the Court finds that the Magistrate Judge's determination is not erroneous. All that remains is for the Court to determine the amount of the penalty.

The maximum penalty in this case is $5,779,111.38, which represents the gross amount of pecuniary gain to Carter as a result of his violations. *See* (Dkt. #107 at 16); (Dkt. #107-2 ¶ 6). Although the maximum penalty is capped by statute, the amount imposed within that limit is left to the Court's discretion. *Moss*, 2022 WL 757226, at *9). Courts look to the following factors to determine the appropriate penalty:

> (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition.

*Id.* (quotation omitted). Applying these factors, the Report concludes that the record supports an award of the highest permissible penalty. Carter's conduct was egregious (factor one) and recurrent (factor four), and it resulted in substantial losses to others (factor three). Carter's actions were committed with severe recklessness, at a minimum (factor two). As to the fifth factor, because Carter did not respond to the SEC's motion or object to the Report, the Court is unaware of any reason the penalty should be reduced. As such, the Court will award a civil penalty against Carter in the amount of $5,779,111.38.

## IV. CONCLUSION

For the foregoing reasons, Tilford's objections, (Dkt. #115), are **OVERRULED** and the Report and Recommendation of the Magistrate Judge, (Dkt. #113), is **ADOPTED in part and MODIFIED in part**. The Report is adopted in all respects, except that the Court will award disgorgement of $5,779,111.38 (rather than $5,779,111) as to Carter and will impose an identical amount as a civil penalty.

It is therefore **ORDERED** that the SEC's Motion for Remedies as to Defendants Carter and Tilford, (Dkt. #107), is **GRANTED**. By separate documents, the Court will enter final judgments in favor of the SEC and against Defendants Phillip Michael Carter and Richard Gregory Tilford.

**So ORDERED and SIGNED this 29th day of September, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE