UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § § § | |
| v. § | CIVIL CASE NO. 4:19-CV-100-SDJ |
| § | |
| PHILLIP MICHAEL CARTER, ET AL. § § § | |

**FINAL JUDGMENT AS TO DEFENDANT RICHARD GREGORY TILFORD**

The Commission filed a motion for summary judgment and motion for remedies against Defendant Richard Gregory Tilford, both of which the Court granted. Accordingly, this is the Court's Final Judgment as to Tilford:

**I.**

It is **ORDERED, ADJUDGED, and DECREED** that Tilford and Tilford's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

    (b)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date

of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

It is further **ORDERED, ADJUDGED, and DECREED** that Tilford and Tilford's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

## III.

It is further **ORDERED, ADJUDGED, and DECREED** that Tilford and Tilford's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a), 10b-5(b) and10b-5(c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

It is further **ORDERED, ADJUDGED, and DECREED** that Tilford and Tilford's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, while engaging in business as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission in accordance with Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] of this section or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

## V.

It is further **ORDERED, ADJUDGED, and DECREED** that Tilford and Tilford's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal

service or otherwise are permanently restrained and enjoined from participating in the issuance, offer, or sale of any security; provided that such injunction shall not prevent him from purchasing or selling securities for his own account.

## VI.

It is further **ORDERED, ADJUDGED, and DECREED** that Tilford is liable for disgorgement of $49,000 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,566.73, for a total of $55,566.73. Tilford shall satisfy this obligation by paying these amounts to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Tilford may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Tilford may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Richard Gregory Tilford as defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Tilford shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Tilford relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Tilford.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Tilford shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## VII.

It is further **ORDERED, ADJUDGED, and DECREED** that this Court shall retain jurisdiction of this matter and Tilford in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, and/or

to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VIII.

The Court hereby certifies this Judgment as final as to all aspects of all claims asserted against Tilford. This Judgment is not final as to any aspect of any claim asserted against the other Defendants in this action.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to **ENTER** this Final Judgment forthwith and without further notice. The Clerk is further directed to **TERMINATE** Tilford as a party to this civil action.

**So ORDERED and SIGNED this 29th day of September, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE